UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JOHN DOE NO. 1;  JOHN DOE NO. 2; and<br>NEW YORK STATE RIFLE AND PISTOL<br>ASSOCIATION, INC.,<br><br>        Plaintiffs,<br>  v.<br><br>PUTNAM COUNTY; and MICHAEL C.<br>BARTOLOTTI, in his official capacity as<br>County Clerk for Putnam County,<br><br>        Defendants. | Civil Action No. 7:16-cv-8191 |

## COMPLAINT FOR DECLARATORY JUDGMENT AND INJUNCTIVE RELIEF

NOW COME the Plaintiffs, JOHN DOE NO. 1, JOHN DOE NO. 2, and NEW YORK STATE RIFLE AND PISTOL ASSOCIATION, INC. by and through undersigned counsel, and as and for their Complaint against Defendants PUTNAM COUNTY and MICHAEL C. BARTOLOTTI, state as follows:

### NATURE OF THE ACTION

1. On December 24, 2012, the people of Westchester and Rockland Counties awoke to find on the website of one of their local newspapers an interactive map that identified, by name and address, every person residing in Westchester and Rockland Counties who possessed a New York permit to own a handgun. The permit holders' personal identifying information was provided to the local newspaper, The Journal News, by the clerks of Westchester and Rockland Counties pursuant to N.Y. PENAL LAW § 400.00(5)(a), which provides that "the name and address of any person to whom an application for any [handgun] license has been granted shall be a public record."

1

2. The Defendant Clerk of Putnam County received a similar request for the names and addresses of Putnam County permit holders, but he refused to release the information on the ground that doing so would constitute an unwarranted invasion of the permit holders' personal privacy. The Journal News brought suit in New York state court to compel disclosure of the requested information and has now prevailed in that suit. The New York courts have rejected Putnam County's privacy defense under state law and have ordered it "to comply with [The Journal News's] request for the names and addresses of all pistol permit holders in Putnam County." Decision & Order at 4, *Gannett Satellite Info. Network, Inc. v. County of Putnam*, Index No. 003564/13 (N.Y. Sup. Ct., Westchester Cty. Mar. 5, 2014) ("*Gannett* Sup. Ct. Decision").

3. Plaintiffs bring this facial challenge to the constitutionality of the public disclosure requirement of N.Y PENAL LAW § 400.00(5)(a) on the grounds that mandated government disclosure to the public of personal identifying information of handgun permit holders (1) violates the due process right to privacy under the Fourteenth Amendment and (2) impermissibly chills the free and uninhibited exercise of fundamental Second Amendment rights by subjecting permit holders to unwanted public attention and censure by those in the community who are opposed to guns and gun owners.

**PARTIES**

4. Plaintiff John Doe No. 1 is a citizen of the United States and a resident and citizen of Putnam County, New York.

5. Plaintiff John Doe No. 2 is a citizen of the United States and a resident and citizen of Putnam County, New York.

6. Plaintiff New York State Rifle and Pistol Association, Inc. ("NYSRPA") is a New York not-for-profit corporation with approximately 45,000 members and with its principal place of business in Albany (Albany County), New York. The NYSRPA is New York State's largest and oldest firearms advocacy organization. Since 1871 the NYSRPA has been dedicated to the preservation of Second Amendment rights, promotion of firearm safety, education and training, and shooting sports. The NYSRPA brings this action on behalf of itself and its hundreds of members residing in Putnam County.

7. Defendant Putnam County is a county in the State of New York, with its county seat in Carmel, New York.

8. Defendant Michael Bartolotti is the County Clerk for Putnam County. Mr. Bartolotti is the head of the county clerk's office and is the officer responsible for maintaining the firearm permit information at issue in this lawsuit and for responding to public records requests for that information. *See* N.Y. PENAL LAW § 400.00(5). Mr. Bartolotti is being sued solely in his official capacity.

## JURISDICTION

9. Jurisdiction is founded on 28 U.S.C. §§ 1331 and 1343.

10. This action seeks relief pursuant to 28 U.S.C. §§ 2201 & 2202 and 42 U.S.C. §§ 1983 & 1988.

11. Venue lies in this Court pursuant to 28 U.S.C. § 1391(b).

## BACKGROUND

12. Under New York law, to qualify for a handgun permit, a person must satisfy, "after investigation" by the county licensing officers, a host of specific requirements designed to "show the good character, competency and integrity of [the] . . . individual signing the [permit]

application." N.Y. PENAL LAW § 400.00(1) & (3)(a). New York law also provides that "the name and address of any person to whom an application for any [handgun] license has been granted shall be a public record." *id.* § 400.00(5)(a). Permit holders have "an opportunity . . . to request an exception from his or her application information becoming public record," but exceptions to disclosure are limited to circumstances in which the applicant has reason to believe either that "his or her life or safety may be endangered by disclosure" or that "he or she may be subject to unwarranted harassment upon disclosure of such information." *Id.* § 400.00(5)(b).

13. New York severely punishes those who misrepresent safety or harassment concerns to avoid disclosure. Indeed, New York's disclosure-exemption form must "notify applicants that, upon discovery that an applicant knowingly provided false information, such applicant may be subject to penalties pursuant to section 175.30 of this chapter." *Id.* § 400.00(c). Section 175.30, in turn, provides that furnishing false information to a public official in writing is a crime punishable by up to a year in jail. *See* N.Y. PENAL LAW § 175.30; *id.* § 70.15(1).

14. On or around December 24, 2012, The Journal News, a local newspaper that circulates in the suburban New York counties of Westchester, Rockland, and Putnam, published on its webpage an interactive map that identified the name and address of every person residing in Westchester and Rockland Counties who had applied for and received a New York permit to own a handgun. The Journal News was able to obtain this personal identifying information from Rockland and Westchester Counties through a request under the New York Freedom of Information Law, Public Officers Law, Article 6 ("FOIL"). Putnam County likewise received a FOIL request from the Journal News, but denied it on the ground that such disclosure "would constitute an unwarranted invasion of personal privacy," and was therefore exempt from disclosure under FOIL.

15. On May 15, 2013, The Journal News filed a renewed FOIL request demanding from Putnam County the names and addresses of Putnam County handgun permit holders. The Clerk of Putnam County again denied the request and again cited privacy concerns. In response to the denial, The Journal News brought an Article 78 proceeding in the Supreme Court of New York for the County of Westchester, seeking an order compelling Putnam County to publicly disseminate permit holders' names and addresses. On March 5, 2014, the New York trial court (Neary, J.) ruled in The Journal News's favor and ordered the Clerk of Putnam County "to comply with [The Journal News's] request for the names and addresses of all pistol permit holders in Putnam County who had not qualified under the SAFE Act to exempt themselves from disclosure." *Gannett* Sup. Ct. Decision at 4.

16. Putnam County appealed to the Appellate Division, Second Judicial Department. Noting that public records "are presumptively open for public inspection and copying," the Appellate Division held that "the County parties failed to sustain their burden of demonstrating the applicability of the asserted exemptions" under FOIL. *Gannett Satellite Info. Network, Inc. v. County of Putnam*, 37 N.Y.S.3d 299, 302, 304 (N.Y. App. Div. 2016) (quotation marks omitted). Accordingly, the Appellate Division affirmed the court's order requiring disclosure to the public of the names and addresses of Putnam County permit holders.

17. Under New York law, then, Plaintiffs and other typical, law-abiding citizens of New York who are qualified to receive a handgun permit are forced to choose between their constitutional right to privacy and their Second Amendment right to bear arms, a result that cannot be squared with the United States Constitution.

**STATEMENT OF FACTS**

18.     Few public policy issues are as controversial and politically polarizing as the private possession and use of firearms, and the ongoing debate over governmental regulation of firearms arouses passionate beliefs among the partisans on both sides. New York's law requiring the public release of handgun permit holders' names and addresses has the purpose and the effect of "outing" handgun permit holders and subjecting them to unwanted public attention and censure by those who oppose gun ownership.

19.     Plaintiff John Doe No. 1 is a law-abiding, responsible, adult resident of Putnam County, New York. He owns and operates a small construction business.

20.     Mr. Doe No. 1 owns a handgun for which he has applied for and received a permit from Putnam County. He keeps his handgun in his home for protection of himself and his family. Mr. Doe No. 1 is a member of NYSRPA.

21.     Mr. Doe No. 1 does not face specific threats that differentiate him from the typical, law-abiding citizen. He does not have reason to believe that his life or safety may be endangered or that he may be subject to unwarranted harassment if his name and address as a permit holder is disclosed publicly. Therefore, he does not qualify for and has not applied for an exception from disclosure. Putnam County has heretofore refused to release his name and address as a handgun permit holder, but it is now under a court order to do so pursuant to FOIL.

22.     Mr. Doe No. 1 has privacy objections to such disclosure. He believes that his status as a handgun owner and permit holder is a private, personal matter, and that public disclosure of that information will subject him to unwanted public attention and censure by those in the community who are hostile to guns and gun owners.

23. John Doe No. 2 is a law-abiding, responsible, adult resident of Putnam County, New York. He is a former police officer and a former member of the United States Coast Guard. He is highly trained in the proper and responsible use and maintenance of handguns, and he satisfies the qualifications established under New York law for obtaining a handgun permit. He is married with four children.

24. Mr. Doe No. 2 does not face specific threats that differentiate him from the typical, law-abiding citizen. He does not have reason to believe that his life or safety may be endangered or that he may be subject to unwarranted harassment if his name and address as a permit holder is disclosed publicly. Therefore, he does not qualify for an exception from such disclosure.

25. Mr. Doe No. 2 desires to exercise his Second Amendment right to possess a handgun to protect himself and his family in his home, but he has refrained from doing so because under New York law his name and address as a handgun permit holder would constitute a public record subject to public disclosure under FOIL. Mr. Doe No. 2 has privacy objections to such disclosure. He believes that one's status as a handgun permit holder is a private, personal matter and that public disclosure of that information would subject the permit holder to unwanted public attention and censure by those in the community who are hostile to guns and gun owners. Mr. Doe No. 2 would apply for a handgun permit but for the statutory requirement subjecting his personal identifying information as a permit holder to public disclosure.

26. Plaintiff the New York Rifle and Pistol Association, Inc. is a New York non-profit corporation with approximately 45,000 members, hundreds of which reside in Putnam County. NYSRPA is New York State's largest and oldest firearms advocacy organization, which has been dedicated since 1871 to the preservation of Second Amendment rights, promotion of

firearm safety, education and training, and shooting sports. Its principal place of business is in Albany (Albany County), New York. NYSRPA's members in Putnam County, like its members throughout the State, are subject to New York's law generally making the names and addresses of handgun permit holders public records subject to mandatory public disclosure requirements.

## COUNT I
### (Fourteenth Amendment Right To Privacy)

27. Plaintiffs hereby reallege and incorporate by reference the allegations of each of the preceding paragraphs.

28. The fact that a person is a handgun permit holder and is therefore exercising his or her individual Second Amendment right to armed self-defense in the home is a private, personal matter that is protected from public disclosure by the government under the constitutional right to privacy.

29. New York makes the names and addresses of the individual Plaintiffs and other handgun permit holders and would-be permit holders, including members of NYSRPA, a matter of public record subject to mandatory disclosure rules, in violation of their constitutional right to privacy.

30. Public dissemination of the names and addresses of handgun permit holders would inflict irreparable harm on Plaintiffs and other law-abiding, responsible citizens.

## COUNT II
### (Second Amendment Right To Armed Self-Defense)

31. Plaintiffs hereby reallege and incorporate by reference the allegations of each of the preceding paragraphs.

32. Putnam County has heretofore denied FOIL requests for public disclosure of the names and addresses of Putnam County handgun permit holders, but the County has now been

ordered by the New York courts to comply with New York law requiring public disclosure of such personal identifying information.

33.     John Doe No. 1 lawfully owns and keeps in his home a handgun, pursuant to a permit issued by Putnam County.

34.     John Doe No. 1 does not qualify for an exception from disclosure of his name and address as a handgun permit holder because he does not have reason to fear that his life or safety may be endangered or that he may be subject to unwarranted harassment if his information is disclosed.

35.     John Doe No. 2, but for New York's law requiring public disclosure of handgun permit holders' names and addresses, would exercise his Second Amendment right to bear arms by applying for a handgun permit and purchasing a handgun for defending himself and his family in his home.

36.     John Doe No. 2 does not qualify for an exception from disclosure of his name and address as a handgun permit holder because he does not have reason to fear that his life or safety may be endangered or that he may be subject to unwarranted harassment if his information is disclosed.

37.     John Doe No. 1 and John Doe No. 2 believe that public disclosure of their names and addresses as handgun permit holders will harm their standing in the community by subjecting them to unwanted public attention and censure by those in the community who are opposed to guns and gun owners. NYSRPA similarly believes that maintaining the names and addresses of handgun permit holders as public records subject to mandatory disclosure rules is an unwarranted invasion of privacy and an infringement of the Second Amendment rights NYSRPA and its members are dedicated to protecting.

38. The Second Amendment guarantees to law-abiding, responsible, adult citizens the fundamental constitutional right to keep arms in the home, and the free exercise of that right is impermissibly inhibited and chilled by laws, such as New York's, that publicly expose those who exercise that right. New York's public disclosure requirement therefore violates the Second Amendment and is invalid.

39. The denial of Second Amendment rights caused by the New York's public disclosure requirement inflicts irreparable harm on Plaintiffs and other law-abiding, responsible citizens.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray that this Honorable Court:

A. Enter a judgment declaring that New York's law requiring public disclosure of the names and addresses of handgun permit holders violates the constitutional right to privacy;

B. Enter a judgment declaring that New York's law requiring public disclosure of the names and addresses of handgun permit holders violates the Second Amendment;

C. Enter an injunction prohibiting Defendants and their officers, agents, and employees from publicly disseminating names and addresses of handgun permit holders;

D. Enter an injunction prohibiting Defendants and their officers, agents, and employees from enforcing New York's law requiring public disclosure of the names and addresses of handgun permit holders.

E. Enter an Order awarding Plaintiffs their costs of suit including attorneys' fees and costs pursuant to 42 U.S.C. § 1988; and,

F. Enter an Order providing any other and further relief that the Court deems just and appropriate.

Dated:  October 19, 2016

Respectfully submitted,

s/ Charles J. Cooper
Charles J. Cooper*
David H. Thompson†
Peter A. Patterson†
Davis Cooper†
COOPER & KIRK, PLLC
1523 New Hampshire Avenue, N.W.
Washington, D.C. 20036
(202) 220-9600
(202) 220-9601 (fax)
ccooper@cooperkirk.com

**Pro Hac Vice* application pending

†*Pro Hac Vice* application forthcoming

*Attorneys for Plaintiffs*