

STATE OF NEW YORK
OFFICE OF THE ATTORNEY GENERAL

LETITIA JAMES  
ATTORNEY GENERAL

DIVISION OF STATE COUNSEL  
LITIGATION BUREAU

November 5, 2019

**Via CM-ECF**

The Honorable Kenneth M. Karas  
Southern District of New York  
300 Quarropas Street, Chambers 533  
White Plains, New York 10601-4150

      Re: **John Doe No. 1 et al. v. Putnam County et al.,**  
           **No. 16-cv-8191-KMK (S.D.N.Y.)**

Dear Judge Karas:

    I represent the Intervenor, New York State Office of the Attorney General in this matter. As required by Rule II.A of the Court's Individual Rules of Practice, Intervenor now submits this letter to request a pre-motion conference with the Court prior to filing the following two anticipated motions: (1) A motion for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure ("FRCP") and; (2) A motion to preclude Plaintiff's expert witness under Daubert v. Merrell Dow Pharmaceuticals, Inc., 509 U.S. 579 (1993)[1].

*Background and Procedural History*

    The sole remaining claim in this action is Plaintiff John Doe No. 2's Second Amendment challenge to New York Penal Law § 400.00(5)(a).[2] That law provides that unless one of several statutory exemptions applies, "the name and address of any person to whom an application for any [firearms] license has been granted shall be a public record." Firearms licensees wishing their information to be kept from public disclosure may identify the grounds for their claimed exception by checking a box on a form to be submitted (to the County Clerk, in Putnam County and throughout most of the rest of the State). Id. § 400.00(5)(b). Plaintiff seeks a declaration that Penal Law § 400.00(5) is unconstitutional, and a preliminary and permanent injunction prohibiting Putnam County from disclosing the names and addresses of handgun permit holders in the County pursuant to Penal Law § 400.00(5)(a) and the New York Freedom of Information Law, Pub. Off. Law §§ 84-90 ("FOIL"). (Compl. at 10.)

---

[1] This matter is currently scheduled for a Court conference on November 14, 2019.  
[2] On November 13, 2017, the Court *sua sponte* issued an Order dismissing Plaintiff New York State Rifle and Pistol Association, Inc. ("NYSRPA") on standing grounds. By Decision and Order dated September 29, 2018, this Court granted in part and denied in part Intervenor's motion to dismiss. In sum, the Court dismissed Plaintiff Doe No. 1 on standing grounds, dismissed the Fourteenth Amendment claims of the original three Plaintiffs, and denied the motion with respect to Plaintiff Doe No. 1's Second Amendment claim. Dkt. No. 73.

Hon. Kenneth M. Karas, U.S.D.J.                                                                                              Page 2 of 3
November 5, 2019

The parties have now completed both fact and expert discovery pursuant to FRCP 26. Based on the law and the record, Intervenor is prepared to make the following motions.

### *Intervenor's Anticipated Motion for Summary Judgment*

John Doe No. 2's remaining claim under the Second Amendment should be dismissed, in its entirety, on jurisdictional standing grounds, under the Pullman or Burford extension doctrines and because his Second Amendment claim fails.

With respect to jurisdiction, Intervenor's summary judgment motion, based on the now further developed factual record, will demonstrate that Does No, 2 does not have standing to challenge PL § 400.00(5).  Doe No. 2's admission during his deposition that his only articulable theory of harm is his speculation that his wife *may* be held out of the "Phillipstown Garden Club" if his theoretical gun ownership became publicized is simply not enough to establish constitutional standing.  As testified to, Doe No. 2 does not even fear "any certain action" by others – just "maybe ostracizing…from a different event or organization or in a circle of groups of people".  Doe No. 2 admits that he has never even been personally told that people in his community dislike gun owners – it is pure speculation on his part.  In short, as the Court is no longer constrained to just the pleadings and can now consider record evidence, the standing inquiry can now be resolved in favor of Intervenor.  See Clapper v. Amnesty Int'l USA, 568 U.S. 398, 414 n.5, 416-18 (2013).

Additionally, it is respectfully submitted that abstention is appropriate here.  Abstention creates an exception to the exercise of original federal jurisdiction where important countervailing State interests are at stake. See generally, Volvo Const. Equip. N. Am, LLC. v. Clyde/West, Inc., 26 F. Supp. 3d 1033, 1036 (W.D. WA 2014).  Thus, where "the exercise of federal review of the question in a case and in similar cases would be disruptive of state efforts to establish a coherent policy with respect to a matter of substantial public concern" the federal court must abstain.  New Orleans Pub. Serv., Inc. v. Council of City of New Orleans, 491 U.S. 350, 361 (1989); see e.g. Burford v. Sun Oil Co., 319 U.S. 315 (1943); Railroad Commission v. Pullman Co., 312 U.S. 496 (1941).  Issues involving health and safety of citizens are indisputably a traditional area of state concern.  See e.g. N.Y. State Rest. Ass'n v. New York City Bd. of Health, 556 F.3d 114, 123 (2d Cir. 2009).  This issue before the Court primarily turns on the meaning of the exemption under PL § 400.00(5) – and this is a matter of interpretation of State law.  The law in question is part of the State's regulation of handgun usage – something the state has been doing for more than 100 years and which is of compelling importance to the State.  Mere invocation of a constitutional right does not render the issue one of primarily federal rather than state concern.  A federal court decision defining how PL § 400.00(5) applies may be rendered unnecessary by a state interpretation of the same and would be disruptive of the state's efforts to establish a coherent policy.  Accordingly, the Court should abstain jurisdiction under the Burford and/or Pullman abstention doctrines in order to permit this critical issue of State concern to be resolved by New York's State courts.

Finally, Plaintiffs' facial challenge under the Second Amendment is also ripe for summary dismissal.  To succeed on such a challenge, Doe No. 2 must "establish that no set of circumstances exists under which the statute would be valid under the Second Amendment".  Dkt. No. 73 at 24, citing, U.S. v. Decastro, 682 F.3d 160, 163 (2d Cir. 2011). The Court-ascribed "intermediate scrutiny" is satisfied with the addition of the record developed through discovery.  The State will demonstrate evidence demonstrating a "substantial relationship between the public disclosure requirements and an important governmental interest".  Dkt. No. 73 at 30-31.  Specifically, evidence demonstrates that PL §400.00(a) is one tool in the State's arsenal to address its important

Hon. Kenneth M. Karas, U.S.D.J.                                                                                    Page 3 of 3
November 5, 2019

interests in: (1) protecting children from the plague of handgun-related injury, (2) providing victims of domestic violence information concerning their abusers to protect themselves using New York's protective order laws, and (3) permitting the public, social scientists, the medical profession and the media access to information relating to and in order to prevent harms from intentional or unintentional gun violence while counterbalancing handgun owner's rights to privacy through the use of exemptions.

### *Intervenor's Anticipated Motion to Preclude Plaintiff's Expert Witness*

Pursuant to Rule 26, the State identified three expert witnesses: Dr. Robert Sege, a board certified pediatrician, member of the American Academy of Pediatrics, and co-lead author of the AAP's position on firearms and children; Dr. April Zeoli, a doctor of public health who specializes in domestic-violence related firearms policies; and Prof. Marcia Hamilton, an expert on constitutional and child safety-related law. Plaintiff proffered the report of Dr. William English ("English") in rebuttal to all three. Intervenor seeks leave to move to exclude English's opinions.

The admission and qualification of experts pursuant to Federal Rule of Evidence 702 is in the broad discretion of the district court. See Boucher v. United States Suzuki Motor Corp., 73 F.3d 18, 21 (2d Cir.1996) (per curiam). This Court should reject English's opinions as they fail to meet the reliability standards under Daubert and Fed. R. Civ. P. Rules 702 and 703. See Daubert v. Merrell Dow Pharmaceuticals, Inc., 509 U.S. 579, 593 (1993) (FRE 702 requires the court to conduct "a preliminary assessment of whether the reasoning or methodology underlying the testimony is scientifically valid and … properly can be applied to the facts in issue").

English's proffered report and opinions will not be helpful to the trier of fact as he lacks expertise in any relevant area and his principles and methods are not reliable. English's opinions are advanced not so much on the basis of hard data, but rather on the basis that they are valid because English says so. General Electric Company v. Joiner, 522 U.S. 136, 146 (1997) ("[N]othing in either Daubert or the Federal Rules of Evidence requires a district court to admit opinion evidence that is connected to existing data only by the *ipse dixit* of the expert."). English has offered a lengthy, far-ranging 22 page report encompassing opinions in various fields. His numerous and varied opinions fail because they are not based on a reliable or accepted methodology – indeed, he describes no methodology at all – and are not based upon relevant experience or training sufficient to indicate to the Court that the opinions are reliable but upon academic credentials in other fields. He is "the quintessential expert who 'offers credentials rather than analysis." See U.S. Comm'y Futures Trading Comm. v. Moncada, 2014 WL 2945793, *5 (S.D.N.Y. 2014) (citation omitted). English's opinions are not the subject of previous research and work; instead, his opinions were developed expressly for the purposes of litigation. Daubert v. Merrell Dow Pharm., Inc., 43 F.3d 1311, 1317 (9th Cir. 1995); see also Kumho Tire Co. v. Carmichael, 119 S.Ct. 1167, 1176 (1999). For these and other reasons, his expert opinions should be excluded and Intervenor seeks leave to file such a motion.

We look forward to discussing these issues further with the Court.

Respectfully submitted,

*/s/ C. Harris Dague*
C. Harris Dague
Assistant Attorney General

cc:     All Counsel of Record (via CM/ECF)