# Cooper & Kirk
Lawyers
A Professional Limited Liability Company

Charles J. Cooper
(202) 220-9660
ccooper@cooperkirk.com

1523 New Hampshire Avenue, N.W.
Washington, D.C. 20036

(202) 220-9600
Fax (202) 220-9601

November 8, 2019

**Via ECF**
The Honorable Kenneth M. Karas
United States District Judge
Southern District of New York
300 Quarropas Street, Chambers 533
White Plains, New York 10601-4150

      Re:    *John Doe No. 1 et al. v. Putnam County et al.*
               No. 16-cv-8191-KMK (S.D.N.Y.)

Dear Judge Karas:

      In accordance with Rule II.A of the Court's Individual Rules of Practice and the amended case management and scheduling order entered in this case, I write on behalf of Plaintiff John Doe No. 2 to respond to the November 5, 2019 pre-motion letter from Intervenor New York State Office of the Attorney General ("NYAG"). Doc. No. 92. In its letter, the NYAG states its intention to file two motions: (1) a motion for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure and (2) a motion to preclude Plaintiff's expert witness under *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993). We stand ready to oppose both motions.

      *Intervenor's Motion for Summary Judgment*

      According to its letter, the NYAG intends to forward a variety of arguments in its upcoming motion for summary judgment, including standing and abstention arguments. None of these arguments have merit.

      The NYAG dismisses John Doe No. 2's concern that the publicization of his name and address as a handgun permit holder will expose himself or his family to unwanted attention, censure, and ostracization from other members of his community as "pure speculation." Doc. 92 at 2. We will show that NYAG mischaracterizes John Doe No. 2's testimony in an attempt to obfuscate the truth: John Doe No. 2 has refrained from exercising his Second Amendment right to possess a handgun for self-defense because he justifiably fears unwanted public attention, ostracization, and censure from those in the community who are hostile to guns and gun ownership. Those fears are justified because gun ownership is a highly divisive and contentious political issue that implicates passionate beliefs among people on both sides, especially in New

1

York. The record, including testimony from John Doe No. 2 and the NYAG's own expert witnesses, confirms this point.

The NYAG goes on to vaguely argue that that the Court must abstain jurisdiction over this case. Specifically, the NYAG claims that "the Court should abstain jurisdiction under the Burford and/or Pullman abstention doctrines" because a decision in this case "would be disruptive of the state's efforts to establish a coherent policy." *Id*. at 2. We stand ready to offer a comprehensive refutation of this argument once it is properly formed by the NYAG as we believe strongly that abstention is improper in this case.

Finally, for reasons stated in our November 5, 2019 pre-motion letter, Doc. No. 93, we will show that the NYAG cannot demonstrate that Section 400.00(5)(a) satisfies intermediate scrutiny. The record is devoid of evidence that New York's public disclosure regime serves any governmental interest that is sufficient to justify its infringement of Second Amendment rights.

### *Intervenor's Motion to Preclude Plaintiff's Expert Witness*

Plaintiff will vigorously oppose the NYAG's anticipated motion to exclude Plaintiff's expert witness, Dr. William English. Dr. English is currently employed as an Assistant Professor of Strategy, Economics, Ethics, and Public Policy at the McDonough School of Business at Georgetown University, a position he has held since 2016. Prior to that, Dr. English was employed at Harvard University for five years, first as a research fellow and later as the research director of the Edmond J. Safra Center for Ethics. Dr. English also served as research associate with the Harvard Initiative for Learning and Teaching and as the executive director of the Abigail Adams Institute, an educational non-profit located in Cambridge, MA from 2014–2016. Dr. English received his PhD in Political Science from Duke University in 2010 and an MS in Ethics from Oxford University in 2004. In 2003, Dr. English graduated from Duke University with a Bachelors of Science in Economics and a Bachelors of Arts in Mathematics.

Dr. English's scholarly research focuses on empirical methods in the social sciences, behavioral economics, and regulatory policy. Dr. English is qualified to offer expert opinions as a social scientist on empirical methods, behavioral economics, and public policy. Dr. English's testimony is reliable, relevant, and will assist the Court in its determination of this case.

We look forward to the scheduled Court Conference on November 14, 2019.

Respectfully submitted,

s/ Charles J. Cooper
Charles J. Cooper
*Counsel for Plaintiffs*

cc: All Counsel of Record