# Cooper & Kirk

Lawyers
A Professional Limited Liability Company

| | | |
|---|---|---|
| Charles J. Cooper<br>(202) 220-9660<br>ccooper@cooperkirk.com | 1523 New Hampshire Avenue, N.W.<br>Washington, D.C.  20036 | (202) 220-9600<br>Fax (202) 220-9601 |

December 14, 2020

**Via CM-ECF**

The Honorable Philip M. Halpern
United States District Judge
Southern District of New York
500 Pearl Street, Room 1950
New York, New York 10007

    Re:    *John Doe No. 1 et al. v. Putnam County*
           No. 16-cv-8191-KMK (S.D.N.Y.)

Dear Judge Halpern:

        In accordance with Rule 2(C) of the Court's Individual Rules of Practice, I write on behalf of Plaintiff John Doe No. 2 to request a pre-motion conference in anticipation of the filing of a Motion for Entry of Consent Judgment and Permanent Injunction. The purpose of Plaintiff's anticipated motion is to resolve this litigation promptly and amicably by agreeing to entry of a consent declaratory judgment adopting the State of New York's ("NYAG") interpretation of the term "unwarranted harassment" under New York Penal Law § 400.00(5)(b)(iii) as "baseless behavior that annoys or upsets" the applicant for a handgun permit. A corresponding revision of the State's standard application form for a handgun permit would allow Plaintiff, and New York citizens like him, to lawfully qualify for and seek an exception to mandatory public disclosure under New York Penal Law § 400.00(5)(a) of their names and addresses as handgun permit holders.

---

*Stamped order overlay:*

Application denied. As explained in the November 30, 2020 Memorandum Opinion and Order (Doc. 131), the specific meaning of "unwarranted harassment" is a question for the New York State courts to resolve.

The Clerk of the Court is respectfully directed to terminate the motion sequence pending at Doc. 132.

SO ORDERED.

_____
Philip M. Halpern
United States District Judge

Dated:  New York, New York
          December 23, 2020

---

1

The Court's November 30 decision abstaining under *R.R. Comm'n of Texas v. Pullman Co.*, 312 U.S. 496 (1941), from resolving the parties' cross-motions for summary judgment recounts the factual background and statutory provisions at play in this case, *see* Memorandum Opinion and Order, Nov. 30, 2020 (Doc. 131), so a brief summary here will suffice. New York Penal Law § 400.00(5)(a) provides that "the name and address of any person to whom an application for any license has been granted shall be a public record." The statute provides an opportunity to request an exception to the public disclosure requirement at the time of application or "after a license or recertification has been granted." *Id*. §§ 400.00(5)(b)-(c), (e)(ii). Six of the seven statutorily prescribed exceptions require the applicant to represent that the applicant's "life or safety may be endangered by disclosure" of the applicant's name and address to the public. *See id.,* §§ 400.00(5)(b)(i)-(ii). The seventh exception, however, provides that the applicant may request an exception if "the applicant has reason to believe he or she may be subject to unwarranted harassment upon disclosure of such information." *Id*. 400.00(5)(b)(iii). Those seeking an exception are warned on the application that, "upon discovery that an applicant knowingly provided false information, such applicant may be subject to penalties," including confinement of up to a year in jail. *Id*. § 400.00(5)(b) (citing § 175.30 (providing that furnishing false information to a public official in writing is a crime punishable by up to a year in jail)).

As the Court recognized in its September 29, 2018 Opinion & Order, New York's public disclosure regime places a substantial burden on the exercise of Second Amendment rights. Doc. 73 at 28. Plaintiff has refrained from exercising his Second Amendment right to seek a permit to possess a handgun for self-defense because he justifiably fears that public disclosure of his name and address as a handgun permit holder would subject him and his family to unwanted public attention, ostracization, and stigmatization from those in the community who are hostile to guns

and gun ownership. Plaintiff believes he is unable to claim that he qualifies for an exception to public disclosure, including the "unwarranted harassment" exception, and thus to protect his name and address from becoming a public record, without unlawfully providing false information on his firearm license application.

The NYAG, however, interprets the "unwarranted harassment" exception broadly, as "baseless behavior that annoys or upsets someone." Doc. 131 at 13 (quoting AG Br. at 15). The NYAG maintains, as this Court noted in its November 30 opinion, that "the socially stigmatizing passive conduct that Plaintiff claims to fear -- that he would be ostracized, that his wife would be shut out of her garden club, and that people in the community would look at [Plaintiff] and his family negatively -- is precisely the type of conduct encompassed within the 'catchall' provision created by the 'unwarranted harassment' exception." Doc.131 at 7.

This Court has now concluded that the "unwarranted harassment" exception "is susceptible to an interpretation that would avoid the federal constitutional issue. The definition of 'unwarranted harassment' could be interpreted to encompass the 'annoying or upsetting' behavior or social stigma (i.e., shunning) that Plaintiff fears. Should the statute be interpreted in that manner, plaintiff would no longer have any constitutional claim because . . . he would not have an injury and would not have standing to maintain this action." *Id*., at 14.

Although Plaintiff has argued throughout this case that the NYAG's interpretation of the "unwarranted harassment" exception is not tenable, Plaintiff has consistently acknowledged, as this Court stated in its November 30 opinion, that "if the NYSOAG is correct and 'if the court were to interpret the statutory term 'harassment' in section 400.00(5)(b)(iii) broadly enough to encompass the social stigma -- the shunning -- that [Plaintiff ] fears, then [the] constitutional challenge would indeed go away." *Id., at 7* (quoting Pl. Reply Br. At 5). Plaintiff has no interest

3

in prolonging this litigation by further contesting the NYAG's interpretation of state law and is therefore willing to agree to resolve this case through a consent order adopting that interpretation, along with a conforming revision to the State's handgun permit application form.[1] Plaintiff's anticipated motion will thus seek a resolution that will serve all parties: The "unwanted harassment" exception will be defined in a binding judicial order exactly as New York interprets it, and Plaintiff will be able to lawfully qualify for and seek such an exception to public disclosure of his name and address as a handgun permit holder.

Respectfully submitted,

s/ Charles J. Cooper
Charles J. Cooper
*Counsel for Plaintiffs*

cc: All Counsel of Record

---

[1] Plaintiff respectfully reserves all rights to continue to maintain that the NYAG's interpretation of the "unwarranted harassment" exception is not tenable should Plaintiff's effort to resolve this case through the anticipated motion not succeed.